UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Beverly A. Claiborne, Jr., )
        Petitioner, )
) No. 19 CV 50190
v. ) Judge Iain D. Johnston
)
Thomas Bergami,[1] )
        Respondent. )

**MEMORANDUM OPINION AND ORDER**

      Petitioner Beverly A. Claiborne, Jr. has filed a petition under 28 U.S.C. § 2241 to vacate or set aside his conviction for use of a firearm during a drug trafficking offense that resulted in murder. For the reasons that follow, the petition [1] is denied.

**BACKGROUND**

      In November 3, 1999, Mr. Claiborne was indicted on numerous counts including drug offenses, firearm offenses, racketeering, and murder that occurred during some of those offenses. Dkt. 18 at 2-19. According to evidence presented at his trial, Mr. Claiborne was a member of a street gang that controlled the illegal drug market in an area of Richmond, Virginia. Eyewitnesses testified that during one drug transaction, Mr. Claiborne asked a fellow gang member for a gun, and then used the gun to shoot one of his regular customers in the head multiple times. *See, e.g.*, Trial Transcript [Dkts. 18-5 and 18-6] at 260-61, 290-91, 359-60.

      On June 20, 2001, a jury convicted Mr. Claiborne of ten separate counts, seven of them drug offenses involving crack cocaine or heroin, *see* 21 U.S.C. §§ 841, 846, plus counts of murder in aid of racketeering activity, *see* 18 U.S.C. § 1959(a)(1), use of a firearm during a crime of violence, *see* 18 U.S.C. § 924(c), and use of a firearm during a drug trafficking offense that resulted in murder, *see* 18 U.S.C. §§ 924(c), (j). *See United States v. Claiborne*, No. 99 CR 297 (E.D. Va.). On November 19, 2001, he was sentenced to three terms of life imprisonment for one of the drug offenses and the two murder offenses, terms of 480 months each for four of the drug offenses, a term of 240 months for the remaining drug offense, all to run concurrently, and a 60 month sentence on the firearm offense to run consecutive to the other sentences. He appealed, but the Fourth Circuit affirmed his conviction and sentence. *See United State v. Claiborne*, 36 Fed. Appx. 73 (4th Cir. 2002).

      On May 23, 2003, Mr. Claiborne filed his first motion under 28 U.S.C. § 2255 to set aside or vacate his conviction. In it, he included arguments that the prosecutor used perjured testimony, that his counsel failed to raise issues about the jury instructions on conspiracy and failed to make an argument about what he calls the "constructive amended indictment," and that

---

[1] The warden of AUSP Thomson is now Thomas Bergami. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

his counsel conceded his guilt and was ineffective. Petition [1] at 4. In February 2005 the district judge denied part of his petition, *see United States v. Claiborne*, No. 99 CR 297 (E.D. Va.) at Dkt. 318, in June 2005 denied the rest, *id.* at Dkt. 323, and the Fourth Circuit denied him a certificate of appealability, *see United States v. Claiborne*, 166 Fed. Appx. 92 (4th Cir. 2006). He filed a second § 2255 motion on June 15, 2012, but the district judge dismissed it because he had not first obtained a certificate of appealability from the Fourth Circuit to file a second or successive motion. *See United States v. Claiborne*, No. 99 CR 297 (E.D. Va.) at Dkts. 383, 387. On July 15, 2016, the Fourth Circuit granted him a certificate of appealability to file a successive § 2255 motion in order to raise an argument under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court found unconstitutional part of the definition of a crime of violence as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See United States v. Claiborne*, No. 99 CR 297 (E.D. Va.) at Dkt. 414. But despite obtaining the certificate of appealability, Mr. Claiborne never filed a § 2255 motion raising *Johnson*. On June 15, 2020, Mr. Claiborne filed a § 2255 motion to set aside his conviction for use of a firearm during a crime of violence under *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the Supreme Court found unconstitutional part of the definition of a crime of violence as used in 18 U.S.C. § 924(c). *Id.* at 455. But the district judge dismissed that motion because Mr. Claiborne had not first obtained a certificate of appealability to bring a § 2255 motion based on *Davis*. *Id.* at Dkt. 467.

Before this Court is Mr. Claiborne's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Although Mr. Claiborne is currently housed at USP Terre Haute, he filed this petition while at USP Thomson and so it is properly pending before this Court.[2] In his petition, Mr. Claiborne argues that his conviction for use of a firearm during a drug trafficking offense that resulted in murder should be set aside because jurors were instructed that he could be found guilty if he was aiding and abetting the crime, but the aiding and abetting instruction was inadequate under *Rosemond v. United States*, 572 U.S. 65 (2014). In *Rosemond*, the Supreme Court held that to be found guilty of aiding and abetting an offense under 18 U.S.C. § 924(c), a jury must find that the defendant had advance knowledge that a firearm would be used in the commission of the drug trafficking offense. In response, the government contends that Mr. Claiborne is unable to raise his argument about the aiding and abetting jury instructions in a petition under § 2241 because he could have raised the same argument in his original § 2255 petition, and in any event that his arguments about the aiding and abetting jury instructions are meritless.

## ANALYSIS

The normal avenue available to a federal prisoner to collaterally attack a sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of the conclusion of the direct appeal, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion must be based on either newly discovered evidence or a Supreme Court case

---

[2] A habeas petition is properly filed in the district where the inmate is located at the time of filing. *See al–Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir.2004). "[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). None of those avenues is available to Mr. Claiborne because his criminal matter concluded more than a year ago, he has already pursued relief under § 2255, and he does not have permission to file a successive § 2255.

However, if a federal prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention," then the prisoner may be able to obtain relief under the "saving clause" of 28 U.S.C. § 2255(e). *See Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). A prisoner who can satisfy the "inadequate or ineffective" saving clause provision of § 2255(e) may then attempt to obtain relief under the general federal habeas statute, 28 U.S.C. § 2241. Different circuits evaluate the "inadequate or ineffective" provision differently, and the question of which circuit's law governs the "inadequate or ineffective" inquiry—the circuit in which the defendant was convicted or the circuit in which the defendant is housed—is unsettled. *See Chazen v. Marske*, 938 F.3d 851, 865 (7th Cir. 2019) ("Today's opinion avoids resolving the choice-of-law problem . . .") (J. Barrett, concurring). However, this Court need not resolve the choice-of-law issue because under the law of either the Fourth Circuit, where he was convicted, or the Seventh Circuit, where he was housed when he initiated the petition, Mr. Claiborne cannot establish that § 2255 was inadequate or ineffective.

In the Fourth Circuit, a challenge to a conviction falls under the savings clause of § 2255(e) if (1) at the time of conviction, the settled law of the Circuit or the Supreme Court established the conviction's legality; (2) after the prisoner's direct appeal and previous § 2255 motion(s), the substantive law changed so that the conduct of conviction is no longer criminal; and (3) the new rule is not one of constitutional law. *See Farkas v. Butner*, 972 F.3d 548 (4th Cir. 2020). In the Seventh Circuit, to proceed under the savings clause, a petitioner "must show that (1) his claim relies on a case of statutory interpretation; (2) he could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Under either Circuit's law, to proceed under the saving clause, a petitioner must demonstrate that binding precedent from either the Supreme Court or the circuit of conviction foreclosed the petitioner from making the argument he now contends entitles him to habeas relief. *See Marlowe v. Warden, FCI Hazelton*, 6 F.4th 562, 569 (4th Cir. 2021); *Chazen*, 938 F.3d at 861-62.

Mr. Claiborne cannot show that binding precedent foreclosed him from raising a *Rosemond* type argument in his initial § 2255 motion, or that he was foreclosed from raising it on direct appeal or even at trial. Mr. Claiborne has not identified any precedent that he contends foreclosed him from making such an argument earlier. Nor does the Court's review of the law at the time reveal any precedent that would have made such an argument futile. To the contrary, in *United States v. Thomas*, 58 Fed. Appx. 952 (4th Cir. 2003), decided before Mr. Claiborne filed his first § 2255 motion and more than a year and a half before the § 2255 motion was fully briefed, the Fourth Circuit affirmed a district court's post-verdict judgment of acquittal on a count of aiding and abetting under 18 U.S.C. § 924(c) because the government had offered no proof that the defendant knew his co-defendants intended to use firearms to rob a bank. *Id.* at 959. Mr. Claiborne could have relied on *Spinney* in his original § 2255 motion filed on May 23, 2003, or sought to supplement his original argument at any point before briefing was completed

on November 14, 2003, the district judge called for additional briefing on February 3, 2005, or completed ruling on the motion on June 1, 2005.  In addition, *Thomas* did not purport to change the law of the Fourth Circuit, and older cases suggest that the Fourth Circuit has long entertained arguments that to be convicted as an aider and abettor to an offense involving a firearm, jurors must be instructed that the defendant knew that confederates intended to use firearms.  *See*, *e.g.*, *United States v. McCaskill*, 676 F.2d 995 (4th Cir. 1982) (assuming that such an instruction is required, but concluding that there was no plain error because of evidence that the defendant knew his confederates were armed).  Because Fourth Circuit precedent did not foreclose Mr. Claiborne from raising his aider and abettor jury instruction argument at trial or in his original § 2255 motion, he cannot raise it now in a § 2241 petition under the savings clause.

Even if Mr. Claiborne could proceed under the savings clause, his petition would nevertheless be meritless.  Jurors were instructed on the use of a firearm during a drug trafficking offense that resulted in murder, in part, as follows:

> There are four, or three elements that have to be proven beyond a reasonable doubt.  One, the defendant murdered Johnson as defined in title 18 United States Code section 1111, or aided and abetted in his murder; and two, the death of Johnson occurred while the defendant knowingly and unlawfully used a firearm during or in relation to a drug trafficking crime prosecutable in a court of the United States; and three, the death of Johnson occurred through the use of a firearm.
>
> . . .
>
> Also, 18 U.S.C. section 2 is an aiding and abetting statute.  And this is what it says.  The guilt of an accused in a criminal case may be established without proof that he personally did every act constituting the offense alleged.  The law recognizes that ordinarily anything a person can do for himself may also be accomplished by him through direction of another person as his agent or by acting in concert with or under the direction of another person or persons in a joint effort or enterprise.  So if the acts or conduct of an agent, employee, or other associate of the defendant are willfully directed or authorized by him, or if the defendant aids and abets another person by willfully joining together with such person in the commission of a crime, then the law holds the defendant responsible for the acts and conduct of such other person just as though he had committed the acts or engaged in such conduct himself.
>
> Notice, however, that before the defendant may be held criminally responsible for the acts of others, it is necessary that the accused willfully associate himself in some way with the criminal venture, and willfully participate in it as he would in something he wishes to bring about.  That is to say that he willfully seek by some means by some act or omission of his own to make the criminal venture succeed.

Trial Transcript [Dkt. 18-6] at 572-76.

The instruction the trial judge read to jurors limited aiding and abetting to the first element of the offense, the murder of Johnson. The instruction that the judge read did not extend aiding and abetting to the two remaining elements regarding firearms. Rather, the instruction allowed jurors to convict only if they found that the defendant knowingly and unlawfully used a firearm as part of a drug trafficking crime. And it is clear from Mr. Clairborne's conviction of one of the other offenses—use of a firearm during a crime of violence offense, for which jurors were given no aiding and abetting instruction—that jurors concluded Mr. Clairborne wielded the firearm himself, rather than that he was merely involved in an offense in which confederates used firearms. Thus, when considering the instructions as a whole, no error under *Rosemond*—plain, harmless, or otherwise—occurred. For this additional reason, Mr. Clairborne cannot show that he is entitled to habeas relief.

## CONCLUSION

For the reasons given, Mr. Claiborne's petition [1] is denied. This civil case is terminated, and the clerk is directed to enter judgment.

Mr. Claiborne is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Claiborne need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Petitioner cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: June 23, 2022      By: _____
                                                      Iain D. Johnston
                                                      United States District Judge